IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-146-H
No. 5:14-CV-638-H

WILLIE LAZZLO HENDERSON,    )
    Petitioner,            )
                            )
v.                          )            **ORDER**
                            )
UNITED STATES OF AMERICA,   )
    Respondent.            )

This matter is before the court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, [D.E. #148]. The government filed a response on September 22, 2016, consenting to this court's entry of an order vacating Petitioner's sentence in light of the recent United States Supreme Court case Johnson v. United States, 135 S.Ct. 2551 (2015). This matter is ripe for adjudication.

**BACKGROUND**

On April 26, 2012, Petitioner was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. On August 15, 2012, having found Petitioner previously convicted of three violent felonies, one of which being a conviction for North Carolina common law robbery, the court sentenced Petitioner under the Armed Career Criminal Act to a term of imprisonment of 188 months. Petitioner filed the

instant amended Motion to Vacate in light of Johnson on May 3, 2016.

## COURT'S DISCUSSION

Petitioner argues in light of Johnson North Carolina common law robbery can no longer be considered a crime of violence under the ACCA. When presented with this question, the Fourth Circuit Court of Appeals recently decided North Carolina common law robbery "does not qualify categorically as a 'violent felony' under the ACCA." Gardner, 2016 WL 2893881, at *7. In its decision, the Fourth Circuit refused to consider North Carolina common law robbery a categorical match to the enumerated offense of extortion, see id. at *5 n.5, and found it "does not necessarily include the use, attempted use, or threatened use of 'force capable of causing physical pain or injury to another person,' as required by the force clause of the ACCA[,]" id. at *7.

Therefore, in light of the Supreme Court's decision in Johnson and the Fourth Circuit's decision in Gardner, North Carolina common law robbery can no longer be considered a predicate violent felony used to enhance Petitioner's sentence under the ACCA. Petitioner, therefore, has been sentenced to a term of imprisonment in excess of his statutory maximum punishment. Petitioner's sentence shall be vacated, and he shall be resentenced.

2

## CONCLUSION

For the foregoing reasons and without objection from the government, Petitioner's motion to vacate his sentence, [D.E. #148], is GRANTED. This matter is SCHEDULED for resentencing on the **November 8, 2016 term of court.** Petitioner shall remain in custody pending the resentencing hearing.

The Federal Public Defender of the Eastern District of North Carolina ("FPD") is DIRECTED to continue representing Petitioner in connection with the resentencing. The United States Probation Office ("USPO") is DIRECTED to provide the parties and the court with a resentencing memorandum. The clerk is DIRECTED to serve a copy of this order on the FPD and the USPO. In light of this order, Docket Entries #135 and #143 are DENIED AS MOOT.

This 5TH day of October, 2016.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34